**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KANDANCE A. WELLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:20-CV-2849-S-BH** |
| | ) | |
| **YOUTUBE, LLC,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the *pro se* plaintiff's *Motion in Support of Summary Judgement*, filed November 19, 2020 (doc. 20). Based on the relevant filings and applicable law, the motion (as liberally construed) is **DENIED**.

**I.  BACKGROUND**

On September 14, 2020, Kandance A. Wells (Plaintiff) filed suit against Youtube, LLC (Defendant) under the Consumer Product Safety Act. (*See* doc. 3 at 4.) She contends that her image was posted on its website in order to threaten her, that the image has been viewed millions of times, and that she has "witnessed such threats/perceived threats" as a result. (*Id.* at 5.) In response, Defendant moved to dismiss this action under Rule 12(b)(6) on October 27, 2020, alleging immunity and failure to state a claim. (*See* docs. 10, 11.) There are no attachments or appendices to the motion or supporting brief. (*See id.*) Plaintiff filed a response, Defendant filed a reply, and the motion is now ripe. (*See* docs. 17, 19.)

In her motion, Plaintiff "cit[es] default on behalf of the defendant" based on its filing of a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, and she contends that it "failed to affirm avoidance of allegations bringing forth claims of admittance." (*See* doc. 20.) She

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

notes that Rule 12(d) provides that a motion under Rule 12(b)(6) must be treated as a summary judgment motion under Rule 56 with a reasonable opportunity for a non-movant to present pertinent material, and she "suggests motions in support of summary judgement based on motions for dismissal by defendant." (*Id.*)  Citing Rule 11(b)(1), she states that she considers "defendants response 'harassing in nature' and a personal attack rather than a denial of allegations." (*Id.*)  The brief in support of the motion sets out the damages that she seeks and also appears to attempt to assert new causes of action based on other statutes.  (*See* doc. 21.)

## II. DEFAULT

To the extent that the reference to default and admittance may be liberally construed as a request for the entry of default, Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  *See* Fed. R. Civ. P. 55.  The Fifth Circuit requires a three-step process for securing a default judgment.  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 55(a); *New York Life Ins*., 84 F.3d at 141.  Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"[T]he filing of a motion to dismiss is normally considered to constitute an appearance." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989).  Defendant has "otherwise" defended this case by filing a motion to dismiss.  *See Rogers v. Barnhart*,

365 F. Supp. 2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank*, 874 F.2d at  277; *Keese v. United States*, 632 F. Supp. 85, 88 (S.D. Tex. 1985).  Moreover, even if a response is late-filed, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).  Because Defendant has otherwise defended the action, Plaintiff cannot show that it has failed to plead or otherwise defend under Rule 55(a), s entry of default is not warranted.

### III.  SUMMARY JUDGMENT

Plaintiff cites to Rule 12(d), which provides that if matters outside the pleadings are presented to the court and not excluded from consideration, a motion under Rule 12(b)(6) must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable opportunity to present all pertinent material.  Fed. R. Civ. P. 12(d).

In this case, Defendant did not present any matters outside of the pleadings in support of its motion to dismiss, so there is no basis for converting its motion to dismiss to a motion for summary judgment and providing Plaintiff an opportunity to submit evidence in response.  As for the "suggestion" for motions for summary judgment, if the motion to dismiss is ultimately denied, a scheduling order will issue that provides a deadline by which the parties may file summary judgment motions in accordance with the applicable rules of procedure.

### IV.  SANCTIONS

Plaintiff also cites to Rule 11(b)(1), stating that she considers Defendant's "response"

harassing and a personal attack.

Rule 11(b)(1) states that by submitting a written document to the court, the filing party certifies that to the best of its knowledge after making a reasonable inquiry, that the written document was not filed for an "improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).  Rule 11(c)(2) requires that a motion for sanctions be filed separately from any other motion or document.  In addition, Plaintiff does not seek any relief that could be liberally construed as a request for sanctions based on the motion.  While she claims that she perceives Defendant's "responses" to be "retaliative in nature," her demand for punitive damages appears to based on the conduct underlying her causes of action. Accordingly, her filing is not liberally construed as a motion for sanctions under Rule 11. To the extent that Plaintiff did intend to file a motion under Rule 11, she must file one that complies with the rule's requirements.

## V.  AMENDMENT

To the extent that Plaintiff's brief may be liberally construed as seeking to amend her complaint, it does not comply with Local Rule 15.1(b) of the Local Civil Rules for the Northern District of Texas.  Local Rule 15.1(b) provides that when a party files a motion for leave to file an amended pleading electronically, the party must attach the proposed amended pleading as an exhibit. Compliance with the rules of procedure is required of all parties, whether or not they are represented by counsel, and leave to amend may be denied for non-compliance.  *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005) (accepting recommendation).  Any motion for leave to amend is subject to denial on this basis, but the denial is without prejudice to filing a motion that complies with the applicable rules.

## VI.  CONCLUSION

Plaintiff's motion is **DENIED**.

**SO ORDERED this 20th day of Nov ember, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5