IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KANDANCE A. WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:20-CV-2849-S-BH |
| | ) | |
| YOUTUBE, LLC, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is the *pro se* plaintiff's *Motion in Support of Summary Judgement under Rule 12(d) Rule 56*, filed November 30, 2020 (doc. 23). Based on the relevant filings and applicable law, the motion (as liberally construed) is **DENIED**.

### I.  BACKGROUND

On September 14, 2020, Kandance A. Wells (Plaintiff) filed suit against Youtube, LLC (Defendant) under the Consumer Product Safety Act. (*See* doc. 3 at 4.) She contends that her image was posted on its website in order to threaten her, that the image has been viewed millions of times, and that she has "witnessed such threats/perceived threats" as a result. (*Id.* at 5.) In response, Defendant moved to dismiss this action under Rule 12(b)(6) on October 27, 2020, alleging immunity and failure to state a claim. (*See* docs. 10, 11.) There are no attachments or appendices to the motion or supporting brief. (*See id.*) Plaintiff filed a response, Defendant filed a reply, and the motion is now ripe. (*See* docs. 17, 19.)

Plaintiff's motion is a reiteration of her prior motion for summary judgment, which was liberally construed as seeking entry of default, construction of the defendant's Rule 12(b)(6) motion as a motion for summary judgment under Rule 56, and a possible motion for leave to amend her

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

complaint.  (*Compare* docs. 20 and 23; *see also* doc. 22.)  Plaintiff now contends that "[a]lthough defendant has defended his case, he has not responded to plaintiff's federal allegations," but she "revokes default as basis for summary judgment and proceeds under procedural guidelines requiring the use of 12(d) when defendant uses 12(b)(6) in support of Motions to Dismiss and Rule 56 requiring the procedural use of summary judgement."  (*See* doc. 23.)  She also states that she "considers 'harmful interactive content' an 'extremity' in resisting court procedure under F.R.C.P. 11(b)(1), and the harassing or badgering of plaintiff as being evident of the procedural need for a federal investigation in moving forward." (*Id.*)

## II.  SUMMARY JUDGMENT

Plaintiff again cites to Rule 12(d), which provides that if matters outside the pleadings are presented to the court and not excluded from consideration, a motion under Rule 12(b)(6) must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable opportunity to present all pertinent material.  Fed. R. Civ. P. 12(d). Defendant did not present any matters outside of the pleadings in support of its motion to dismiss, so there is no basis for converting its motion to dismiss to a motion for summary judgment and providing Plaintiff an opportunity to submit evidence in response.

To the extent that Plaintiff is contending that she is entitled to summary judgment based on the defendant's failure to respond to her allegations by filing a motion to dismiss instead of an answer, she essentially again seeks entry of default.  Any motion for entry of default is still subject to denial for the same reasons as her prior motion. (*See* doc. 22.)  Defendant has otherwise defended the action by filing a motion to dismiss, so Plaintiff cannot show that it has failed to plead or otherwise defend under Rule 55(a), and entry of default is not warranted.  *See Sun Bank of Ocala*

*v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989); *Rogers v. Barnhart*, 365 F. Supp. 2d 803, 808 (S.D. Tex. 2004).

If Defendant's motion to dismiss is ultimately denied, a scheduling order will issue that provides a deadline by which the parties may file summary judgment motions in accordance with the applicable rules of procedure.

### III. SANCTIONS

Plaintiff again cites to Rule 11(b)(1), which states that by submitting a written document to the court, the filing party certifies that to the best of its knowledge after making a reasonable inquiry, that the written document was not filed for an "improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Rule 11(c)(2) requires that a motion for sanctions be filed separately from any other motion or document. Accordingly, her filing is not liberally construed as a motion for sanctions under Rule 11. To the extent that Plaintiff did intend to file a motion under Rule 11, she must file one that complies with the rule's requirements.

To the extent that Plaintiff's reference to a "federal investigation" for purposes of sanctions may be liberally construed as asking for the Court's assistance, courts cannot initiate or conduct investigations. *See Taylor v. Kaylo*, 253 F.3d 703, 2001 WL 498686, at *1 (5th Cir. 2001) (finding prisoner's arguments that the court did not conduct an investigation "conclusional and frivolous"); *Williams v. Natchitoches Police Dept.*, No. 14-CV-2312, 2014 WL 4629604, at *3 (W.D. La. Sept. 15, 2014) ("The Courts are not investigatory agencies."); *United States v. One Million One Hundred Fifty–Seven Thousand Four Hundred Dollars and Eighteen Cents ($1157400.18) in United States Currency*, No. M-08-67, 2010 WL 11538700, at *1 n. 2 (S.D. Tex. Sept. 7, 2010) (urging moving

3

party "to report theft or fraud to the pertinent authorities because the Court cannot initiate or conduct investigations").

## IV.  CONCLUSION

Plaintiff's motion is **DENIED**.

**SO ORDERED this 3rd day of December, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE