IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KANDANCE A. WELLS, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:20-CV-2849-S-BH |
| | § | |
| YOUTUBE, LLC, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Motion Requesting Default Judgement*, filed May 18, 2021 (doc. 32). Based upon the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On September 14, 2020, Kandance A. Wells (Plaintiff) filed suit against YouTube, LLC (Defendant), alleging violations of the Consumer Product Safety Act (CPSA), the Federal Trade Commission Act (FTCA), and the "statutes preventing unfair competition, deceptive acts under tort law, and/or the deregulation of trade/trade practices." (*See* doc. 3 at 1.)[2] She contends that her image was posted on Defendant's website in order to threaten her, that the image has been viewed millions of times, that she has "witnessed such threats/perceived threats" as a result, and that the threats caused her social, emotional, physical, mental, and monetary harm. (*Id.* at 5.) She seeks $504,000,000 in monetary damages. (*Id.* at 1.)

Defendant moved to dismiss this action under Rule 12(b)(6), alleging immunity and failure to state a claim, on October 27, 2020. (doc. 10.) On May 17, 2021, it was recommended that Defendant's motion be granted, and that all of Plaintiff's claims against it be denied based on

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

immunity. (*See* doc. 30.) Plaintiff now moves for default judgment "based on noncompliance with court procedure on behalf the defendant." (*See* doc. 32.)

## II.  DEFAULT

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, Defendant has defended the case by timely filing a motion to dismiss. *See Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")). Because Defendant timely appeared and defended the case, there is no basis for the Clerk of Court to enter a default under Rule 55(a), even if Plaintiff's motion may be liberally construed as requesting entry of default. Without a prior entry of default, a party has no basis to seek a default judgment. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).

2

Here, it has been recommended that Plaintiff's claims be dismissed based on immunity.

Because Defendant has timely defended this action, and no default has been entered, entry of default judgment is not warranted.

### III. RECOMMENDATION

Plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 19th day of May, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE